## MURPHY AND ASHFORD *vs.* THE STATE.

[ INDICTMENT FOR MURDER. ]

1. *Verdict of guilty on indictment for murder, jury must ascertain degree of; failure to do so vitiates.*—Under an indictment for murder, the jury must ascertain by their verdict the degree of murder in which the defendant is guilty ; the failure to do so is a reversible error.
2. *Venue, change of in criminal case; how determined; may be subject of*

*appeal after conviction.*—The removal of a trial for an indictable offense to another county, is the right of the accused when the reasons assigned by him why he can not have a fair and impartial trial are true and sufficient, which must be determined by the court on evidence, as any other issue, and may be the subject of an appeal after conviction.

APPEAL from the Circuit Court of Butler. Tried before Hon. P. O. HARPER.

The appellants, together with Susan and Rachael Williams, were indicted at the fall term, 1869, of the Butler circuit court, for the murder of Jack Jones. When the case was called for trial, the appellants filed an affidavit for a change of venue, stating in substance, that ever since, and long before the indictment was found against them, they have been confined in the county jail; that they " are freedmen, and ignorant, and have had no chance to mix and mingle even with their own race, to ascertain what was the state of public sentiment and opinion towards them, and who, if any one, was attempting to influence public opinion against them ;" that " only on the day before the application was made were they advised, or had they knowledge, that they could not have a fair and impartial trial in said county, and that therefore this is the first opportunity they have had, since being so informed, of asking that their trial be removed to some other county where justice may be awarded them ;" that they were jointly indicted with Mrs. Rachael Williams for the offense charged ; that against Mrs. Williams there existed at the time, and still continues to exist, an extensive and general prejudice, especially where the murder was said to have been committed ; so much so that Mrs. Williams was compelled to remove her trial to another county ; that much of the prejudice entertained against Mrs. Williams is also indulged against them ; " that A. B. Middlebrooks, R. H. Gafford and others, all of whom are influential citizens in said county, have been speaking of the trial in such a way, and have been exerting themselves for the prosecution of petitioners to that extent, as so to prejudice the public mind as that they verily believe they

can not have a fair and impartial trial in said county; that the application is not made for delay," &c., &c.

On the part of the State, counter affidavits of A. B. Middlebrooks and R. H. Gafford were submitted. Middlebrooks and Gafford deny that they have taken any steps to prejudice the minds of the people of Butler county against the defendants. They state, in substance, that "they may have stated they believed the said defendants were guilty, but have taken no steps to propagate this belief to the defendants' prejudice;" deny that defendants can not have a fair and impartial trial in the county, but aver the contrary; that although defendants are ignorant, and have been in confinement, as stated in their application, yet they have all that time had able attorneys who were fully conversant with the public sentiment in Butler county; that they have no personal prejudice against defendants; that "they have assisted in employing counsel in the case to prosecute said defendants because they believed the ends of justice required it;" that they believe the application is made for delay and for the purpose of removing the cause to another county, "where, on account of the distance, &c., it would be very difficult, if not impossible, for the State to procure a sufficient attendance of witnesses to go to trial fairly, or to have justice meted out to the defendants;" that most of the State's witnesses are very poor, and unable to defray the expense of attending court in another county.

When the application for the change of venue was made, there had been two general continuances of the case, but the defendants had never applied for or obtained a continuance. This being all the evidence, the court overruled the application for change of venue, and defendants excepted. The verdict of the jury was that "they, the defendants, Solomon Murphy and Lewis Ashford, are guilty as charged in the indictment; and they further say, that for said offense the defendant, Solomon Murphy, be put to death, and the defendant, Lewis Ashford, be imprisoned in the penitentiary for life."

Afterwards the defendants moved in arrest of judgment, 1st, because the verdict of the jury is too vague and

indefinite for any judgment to be rendered thereon ; 2d, that the verdict of the jury is not such as is prescribed by law for such cases; 3d, because the verdict of the jury does not specify the degree of murder of which the defendants are found guilty. This motion the court over-ruled, and pronounced sentence of death on Murphy, and sentenced Ashford to imprisonment in the penitentiary for life.

The errors assigned are :

1st, Overruling the application for change of venue.

2d, Overruling the motion in arrest of judgment.

3d, Passing sentence on the defendants upon the verdict as rendered by the jury.

T. J. JUDGE, for appellants.—1. The motion for a change of venue should have been granted. The application was made in time ; the prisoners were illiterate freedmen ; had been in close confinement since the alleged commission of the offense, and made their application the day after they had been informed of the necessity for it. And their affi-davit sets forth specifically the reasons why they could not have a fair and impartial trial in the county of Butler.

The counter affidavit, instead of weakening, *strengthened* the application of the prisoners, as will appear by a close inspection of it.

Upon the authority, then, of *Ex parte Chase*, 43 Ala. 303, which is believed to be a sound exposition of the law, the venue should have been changed.

2. That the verdict of the jury should have ascertained *the degree* of homicide of which the prisoners were found guilty, has been too often and too clearly settled by this court to admit now of controversy upon it ; and in the face of the peremptory requisition of the statute, that the verdict "*must ascertain*" the degree of the offense in such cases, and of the several adjudications upon this statute, it is difficult to perceive upon what ground the court below could have overruled the motion in arrest of judgment.— Revised Code, § 3657 ; *Cobia v. The State*, 16 Ala. 781 ; *Johnson v. The State*, 17 Ala. 618 ; *Hall v. The State*, 40 Ala. 698 ; *Robertson v. The State*, 42 Ala. 509.

JOHN W. A. SANFORD, Attorney-General, *contra*.

B. F. SAFFOLD, J.—The appellants were tried upon an indictment for murder, and convicted of being guilty as charged in the indictment. They allege that there was error in the proceedings—1st, in the refusal of the court to grant them a change of venue; 2d, in the omission of the jury to ascertain by their verdict the degree of murder of which they were guilty.

The form of an indictment for murder prescribed by the Revised Code makes no distinction of degree, but the statute defines the crime in two degrees, and directs a different punishment for each. Hence the necessity of ascertaining the degree by the verdict.—Revised Code, §§ 3653, 3654, 3657.

For the deficiency of the verdict the judgment must be reversed. The statute requires the jury to fix the degree of murder, and verdicts in cases of felony can not be helped by intendment.—*Robertson v. The State*, 42 Ala. 509; *Hall v. The State*, 40 Ala. 698.

As to the error assigned respecting the change of venue, the constitution guarantees to a person accused of crime several invaluable rights. Among these, equally secured with the rest, is the right to a speedy public trial by an impartial jury of the county or district in which the offense was committed.—Const. Art. 1, § 8.

To insure the impartial trial, the law has extended the district in which it may take place to the nearest county free from exception, and directed the manner in which the accused may avail himself of the advantage.—Revised Code, §§ 4206, 4207. Until recently, this removal of the cause to another county rested in the discretion of the court, the analysis of which was that the right of one person was exercised at the discretion of another. In *Ex parte Chase*, (43 Ala. 303,) this rule of decision was changed, and the necessity for a change of venue was required to be established or refuted by proof, as other issues.

It argues a want of experience to doubt that local prejudice does not often make shipwreck of justice. When it

Murphy and Ashford v. The State.

exists against a person, he is greatly embarrassed to show it. His friends may not be believed, his accusers are not to be trusted, especially if their accusation be false, and all partake of, or are intimidated by, the animosity against him. The commission of heinous crime may well excite the horror of a virtuous community, and arouse indignation against the perpetrators, when known. But the blind prejudice which fastens upon an individual without cause, and rends him without a hearing, is so mean and cruel that the complaint of a prisoner of prejudice against him should be regarded, unless clearly shown to be unfounded. He only gets by the transfer of his case what he is entitled to, and to deny his application, except on good grounds, may be to sacrifice him.

The affidavit of the prisoners alleges that they have been in jail ever since they were first arrested, they have not applied for a continuance, except at the term they were tried, when it was refused, and two persons named by them, who are influential citizens, with others, have so exerted themselves in speaking of their trial, and in prosecuting them, as to excite a degree of prejudice against them in the public mind highly unfavorable to their fair trial.

These sworn allegations are denied by the testimony only of the persons complained of. They say they have assisted in employing ccunsel to prosecute the prisoners because they believed the ends of justice required it; that they have said they believed they were guilty, but they had not taken any steps to propagate this belief to the prejudice of the defendants. It is not to be expected that two influential citizens would admit in an affidavit that they had prejudiced a community against persons to be tried for their lives. But from what they do say, may be inferred without violence that, in their opinion, it would not be to the prejudice of the defendants if one of them was hung, and the other put in the penitentiary for life, as the jury decided. Upon the evidence, the removal of the trial to another county ought to have been ordered.

The judgment is reversed, and the cause remanded.